Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BALTAZAR REYES-GARCIA, <br><br> Defendant. | No. CR 16 – 287 JLR <br><br> DEFENDANT'S OBJECTIONS TO THE COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS <br><br> Trial: September 28, 2017 |

Defendant submits the following objections and proposed revisions to the court's proposed preliminary jury instructions.[1]

**1. Preliminary Instruction No. 2.**

> The defendants have each pleaded not guilty to the charges and are presumed innocent unless ~~and until~~ the government proves that each defendant is guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

---

[1] *See* Court's Draft Preliminary Jury Instructions, (09.22.2017), emailed to counsel.
DEFENDANT'S OBJECTIONS TO THE COURT'S
PROPOSED PRELIMINARY JURY INSTRUCTIONS – 1

Law Offices of Stephan R. Illa, Inc. P.S.
P.O. Box 10033
Seattle, WA 98110
(206) 464-4142

The words *unless* and *until* are nearly synonymous. But *unless* alone conveys an unambiguous sense of contingency, which is the whole point of the sentence. The word *until* carries with it an unfortunate sense of inevitability that prejudices the defense.[2]

**2. Preliminary Instruction No. 6.**

> (4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties, or by one of the witnesses.
>
> ↑
> one of the lawyers

This trial will stretch out over the course of several weeks. Our jurors are far more likely to see or hear the lawyers (as opposed to witnesses or parties) when court is not in session. Modifying the instruction would be prudent.

**3. Preliminary Instruction No. 7 should not be given.**

The instruction purports to distinguish *direct* from *circumstantial* evidence, although neither term appears in any other instructions. The defense maintains that neither needs to be defined or distinguished from the other. Introducing these terms is simply confusing.

Other preliminary instructions remind jurors only to consider sworn testimony, admitted exhibits, and agreed facts in deciding the facts of the case.[3] Yet another tells jurors how to evaluate testimony and the "weight of the evidence as to a fact."[4] Nothing *direct* or *circumstantial* about any of this evidence is mentioned. Nor will those terms be referred to in

---

[2] Thus, when a mother tells her unruly child, "Just wait *until* your father gets home," no contingency is implied: Dad is coming home and you better watch out!
[3] *See* Court's Preliminary Instruction No.5.
[4] *See* Court's Preliminary Instruction No. 10.

DEFENDANT'S OBJECTIONS TO THE COURT'S
PROPOSED PRELIMINARY JURY INSTRUCTIONS – 2

Law Offices of Stephan R. Illa, Inc. P.S.
P.O. Box 10033
Seattle, WA 98110
(206) 464-4142

any of the substantive end-of-trial instructions.[5]   There is no reason to define the terms, since they do not have any relevance to the task assigned the jury.

Even if the distinction were pertinent, however, the instruction's definition of *circumstantial evidence* is dead wrong and misleading in a way that prejudice the defendants. What the instruction calls *circumstantial evidence* is not evidence at all.  Instead, it is a conclusion – an inference – drawn from evidence.[6]  *Evidence + Assumption = Inference.*

Defining *circumstantial evidence* as "indirect evidence, that is, proof of one or more facts from which you can find another fact" muddles the matter further.  Facts don't generate new facts when put together in close quarters like a bunch of fecund hamsters.

Facts may lead to inferences about other facts when coupled with assumptions.[7]  Any number of inferences may logically flow from a set of facts, depending on what assumptions are made.  The validity of any inference depends entirely on the validity of the assumptions upon which it rests.

**4. Preliminary Instruction No. 11 should be modified.**

> The Spanish language will be used for some evidence during this trial.
> When a witness testifies ~~here in court~~ in Spanish, ~~the witness will do through official court interpreters. As to that testimony,~~ the evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters.  Although some of you may know the Spanish

---

[5] Other than the definitional end-of-trial circumstantial evidence instruction.
[6] *See generally* "Logical Form," § 1: *Patterns of Reason*, The Stanford Encyclopedia of Philosophy (rev. 11.30.2015).
[7] *Cf*: L.Wittgenstein, Tractatus Logico-Philosophicus, (Pears transl. 1961) ("If *p* follows from *q*, I can make an inference from *q* to *p*; deduce *p* from *q*. The method of inference is to be gathered from the two propositions alone. Only they themselves can justify the inference.").

DEFENDANT'S OBJECTIONS TO THE COURT'S
PROPOSED PRELIMINARY JURY INSTRUCTIONS – 3

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
SEATTLE, WA 98110
(206) 464-4142

The phrase "here in court" can be stricken [since that's the only place that people testify at trial], and the first two sentences can be merged into a single elegant and pithy statement.

The second sentence of the second paragraph should be revised to read:

> The transcript is an ~~official~~ English-language translation of the recording.

That transcript was prepared by one of the parties and should not be called "official."

**5. Preliminary Instruction No. 12 should be modified.**

> At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial~~.~~ *and no transcripts of the trial testimony will be provided to you during deliberations, even if you ask nicely.* I urge you to pay close attention to the testimony as it is given.

Respectfully Submitted on September 22, 2017.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.



Stephan R. Illa
    WSBA No. 15793
Attorney for Defendant

Certificate of Service

I certify, under penalty of perjury under the laws of the State of Washington, that today I electronically filed this pleading and all attachments with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the attorneys of record for each of the parties.

Signed on September 22, 2017 somewhere within the Western District of Washington.



Stephan R. Illa

DEFENDANT'S OBJECTIONS TO THE COURT'S
PROPOSED PRELIMINARY JURY INSTRUCTIONS – 4

Law Offices of Stephan R. Illa, Inc. P.S.
P.O. Box 10033
Seattle, WA 98110
(206) 464-4142