1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

| UNITED STATES OF AMERICA, | CASE NO. CR16-0287JLR |
|---|---|
| Plaintiff, | FINAL JURY INSTRUCTIONS |
| v. | |
| BALTAZAR REYES GARCIA, HECTOR CONTRERAS IBARRA, ANGEL SERRANO CARRENO, | |
| Defendants. | |

16

17    Dated this 13 day of October, 2017.

18

19                              JAMES L. ROBART
                                United States District Judge

20

21

22

JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

JURY INSTRUCTION NO. 2

2

The defendants have pleaded not guilty to the charges.  Each defendant is

3

presumed to be innocent unless and until the government proves the defendant guilty

4

beyond a reasonable doubt.  In addition, the defendants do not have to testify or present

5

any evidence to prove innocence.  The government has the burden of proving every

6

element of the charges beyond a reasonable doubt.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 3

You are here only to determine whether the defendants are guilty or not guilty of the charges.  The defendants are not on trial for any conduct or offense not charged.

1 | JURY INSTRUCTION NO. 4

2   A defendant in a criminal case has a constitutional right not to testify. You may

3 not draw any inference of any kind from the fact that the defendants did not testify.

JURY INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

JURY INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

JURY INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said or will say at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 10

You have heard evidence that Defendant Angel Serrano Carreno committed other crimes, wrongs, and/or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of this defendant's intent, knowledge, and/or absence of mistake, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crimes for which Defendant Angel Serrano Carreno is now on trial.

JURY INSTRUCTION NO. 11

You have heard testimony that Defendant Angel Serrano Carreno made a statement to law enforcement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1                      JURY INSTRUCTION NO. 12

2         For recorded evidence, such as audio recordings or text messages, presented in

3 Spanish, you were provided a transcript.  The transcript was an English-language

4 translation of the recording and was admitted into evidence.  The accuracy of the

5 transcript is disputed in this case.  Whether a transcript is an accurate translation, in

6 whole or in part, is for you to decide.  In considering whether a transcript accurately

7 describes the words spoken in a conversation or written in a message, you should

8 consider the testimony presented to you regarding how, and by whom, the transcript was

9 made.  You may consider the knowledge, training, and experience of the translator, the

10 audibility of the recording, as well as the nature of the conversation and the

11 reasonableness of the translation in light of all the evidence in the case.  Although some

12 of you may know the Spanish language, you must not rely in any way on any knowledge

13 you may have of the Spanish language spoken on the recording or written in the message.

14 Your consideration of the transcript must be based on the evidence in the case.

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 13

2    You have heard testimony from witnesses who received benefits, such as

3    compensation and/or favored treatment, from the government in connection with this

4    case.

5    For these reasons, in evaluating the testimony of these witnesses, you should

6    consider the extent to which or whether their testimony may have been influenced by

7    these factors. In addition, you should examine the testimony of these witnesses with

8    greater caution than that of other witnesses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 14

You have also heard testimony from a witness who pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider the guilty plea only in determining this witness's believability.

This witness has admitted to being an accomplice to the crime charged and hopes to receive favorable treatment from the government in connection with this case. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For these reasons, in evaluating the testimony of this witness, you should consider the extent to which or whether his testimony may have been influenced by these factors. In addition, you should examine the testimony of this witness with greater caution than that of other witnesses.

1  JURY INSTRUCTION NO. 15

2  You have also heard testimony from an undercover agent and informants who

3  were involved in the government's investigation in this case.  Law enforcement officials

4  may engage in stealth and deception, such as the use of informants and undercover

5  agents, in order to investigate criminal activities.  Undercover agents and informants may

6  use false names and appearances and assume the roles of members in criminal

7  organizations.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 16

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

1 | JURY INSTRUCTION NO. 17

2      You have heard testimony from witnesses who testified to both facts and opinions

3 | and the reasons for their opinions.

4      Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony

5 | is based on the education or experience of the witness.

6      As to the testimony about facts, it is your job to decide which testimony to believe

7 | and which testimony not to believe.  You may believe everything a witness says, or part

8 | of it, or none of it.  Take into account the factors discussed earlier in these instructions

9 | that were provided to assist you in weighing the credibility of witnesses.

10      As to the testimony about these witnesses' opinions, this opinion testimony is

11 | allowed because of the education or experience of these witnesses.  Opinion testimony

12 | should be judged like any other testimony.  You may accept all of it, part of it, or none of

13 | it.  You should give it as much weight as you think it deserves, considering these

14 | witnesses' education and experience, the reasons given for the opinion, and all the other

15 | evidence in the case.

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 18

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

JURY INSTRUCTION NO. 19

Certain other charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

JURY INSTRUCTION NO. 20

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and/or specific count.

1 | JURY INSTRUCTION NO. 21

2 | The next two instructions relate solely to the Conspiracy charge in Count 1.

3 | Defendants Baltazar Reyes Garcia, Hector Contreras Ibarra, and Angel Serrano

4 | Carreno are charged in Count 1 with Conspiracy to Distribute Controlled Substances,

5 | specifically methamphetamine, cocaine, and/or heroin, in violation of Section 841(a) and

6 | Section 846 of Title 21 of the United States Code. In order for a defendant to be found

7 | guilty of that charge, the government must prove each of the following elements beyond

8 | a reasonable doubt:

9 | First, beginning on or about a date unknown but within the last five years and

10 | ending on or about November 2, 2016, there was an agreement between two or more

11 | persons to distribute controlled substances, specifically methamphetamine, cocaine,

12 | and/or heroin, which I instruct you are controlled substances; and

13 | Second, the defendant joined in the agreement knowing of its purpose and

14 | intending to help accomplish that purpose.

15 | "To distribute" means to deliver or transfer possession of methamphetamine,

16 | cocaine, and/or heroin to another person, with or without any financial interest in that

17 | transaction.

18 | A conspiracy is a kind of criminal partnership—an agreement of two or more

19 | persons to commit one or more crimes. The crime of conspiracy is the agreement to do

20 | something unlawful; it does not matter whether the crime agreed upon was committed.

21 | For a conspiracy to have existed, it is not necessary that the conspirators made a

22 | formal agreement or that they agreed on every detail of the conspiracy. It is not enough,

1   however, that they simply met, discussed matters of common interest, acted in similar

2   ways, or perhaps helped one another.  You must find that there was a plan to commit at

3   least one of the crimes alleged as an object of the conspiracy with all of you agreeing as

4   to the particular crime which the conspirators agreed to commit.

5       One becomes a member of a conspiracy by willfully participating in the unlawful

6   plan with the intent to advance or further some object or purpose of the conspiracy, even

7   though the person does not have full knowledge of all the details of the conspiracy.

8   Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

9   originators.  On the other hand, one who has no knowledge of a conspiracy, but happens

10  to act in a way which furthers some object or purpose of the conspiracy, does not thereby

11  become a conspirator.  Similarly, a person does not become a conspirator merely by

12  associating with one or more persons who are conspirators, nor merely by knowing that a

13  conspiracy exists.

14

15

16

17

18

19

20

21

22

1  JURY INSTRUCTION NO. 22

2  A conspiracy may continue for a long period of time and may include the

3  performance of many transactions.  It is not necessary that all members of the conspiracy

4  join it at the same time, and one may become a member of a conspiracy without full

5  knowledge of all the details of the unlawful scheme or the names, identities, or locations

6  of all of the other members.

7  Even though a defendant did not directly conspire with the other defendants or

8  other conspirators in the overall scheme, the defendant has, in effect, agreed to participate

9  in the conspiracy if the government proves each of the following beyond a reasonable

10  doubt that:

11  (1) the defendant directly conspired with one or more conspirators to carry out at

12  least one of the objects of the conspiracy;

13  (2) the defendant knew or had reason to know that other conspirators were

14  involved with those with whom the defendant directly conspired; and

15  (3) the defendant had reason to believe that whatever benefits the defendant might

16  get from the conspiracy were probably dependent upon the success of the entire venture.

17  It is not a defense that a person's participation in a conspiracy was minor or for a

18  short period of time.

19

20

21

22

FINAL JURY INSTRUCTIONS - 24

1    JURY INSTRUCTION NO. 23

2    This instruction applies to the Distribution of Methamphetamine charges in Counts

3    5, 6, and 9.

4    Defendants Baltazar Reyes Garcia, Hector Contreras Ibarra, and Angel Serrano

5    Carreno are charged in Count 5 with Distribution of Methamphetamine on or about April

6    19, 2016, in violation of Section 841(a)(1) of Title 21 of the United States Code.

7    Defendants Baltazar Reyes Garcia and Hector Contreras Ibarra are charged in

8    Count 6 with Distribution of Methamphetamine on or about May 23, 2016, in violation of

9    Section 841(a)(1) of Title 21 of the United States Code.

10    Defendants Baltazar Reyes Garcia and Hector Contreras Ibarra are charged in

11    Count 9 with Distribution of Methamphetamine on or about June 28, 2016, in violation of

12    Section 841(a)(1) of Title 21 of the United States Code.

13    In order for each defendant to be found guilty of these charges, the government

14    must prove each of the following elements beyond a reasonable doubt:

15    First, on or about the date alleged, the defendant knowingly distributed

16    methamphetamine, which I instruct you is a controlled substance; and

17    Second, the defendant knew that it was methamphetamine or some other federally

18    controlled substance.

19    "To distribute" means to deliver or transfer possession of methamphetamine to

20    another person, with or without any financial interest in that transaction.

21    //

22    //

FINAL JURY INSTRUCTIONS - 25

1    The government is not required to prove the amount or quantity of

2  methamphetamine.  It need only prove beyond a reasonable doubt that there was a

3  measurable or detectable amount of methamphetamine.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 24

2        If you find a defendant guilty of any of the controlled substance charges alleged in

3    Counts 1, 5, 6, and 9, you are then to determine whether the government proved beyond a

4    reasonable doubt that the amount of the controlled substance equaled or exceeded certain

5    weights.  Your determination of weight must not include the weight of any packaging

6    material.  Your decision as to weight must be unanimous.

7        The government does not have to prove that the defendant knew the quantity of

8    the controlled substance.

9        With respect to Count 1, a defendant who is a member of a conspiracy to distribute

10   controlled substances, specifically methamphetamine, cocaine, and/or heroin, is

11   responsible for:  (1) the total amount of methamphetamine, cocaine, and/or heroin

12   distributed or intended to be distributed by the defendant within the scope of and in

13   furtherance of the conspiracy, and (2) the amount of methamphetamine, cocaine, and/or

14   heroin distributed or intended to be distributed by co-conspirators, if the amount

15   distributed was in the scope of and in furtherance of the conspiracy, and the defendant

16   could have reasonably foreseen that the amount was a necessary or natural consequence

17   of the unlawful agreement.

18

19

20

21

22

1   JURY INSTRUCTION NO. 25

2      This instruction applies to the Possession of Heroin with Intent to Distribute

3   charges in Counts 35 and 41.

4      Defendant Angel Serrano Carreno is charged in Count 35 with Possession of

5   Heroin with Intent to Distribute on or about November 2, 2016, in violation of Section

6   841(a)(1) of Title 21 of the United States Code and is charged in Count 41 with

7   Possession of Heroin with Intent to Distribute on or about November 22, 2016, in

8   violation of Section 841(a)(1) of Title 21 of the United States Code.

9      In order for the defendant to be found guilty of those charges, the government

10  must prove each of the following elements beyond a reasonable doubt:

11     First, on or about the date alleged, the defendant knowingly possessed heroin,

12  which I instruct you is a controlled substance; and

13     Second, the defendant possessed it with the intent to distribute it to another

14  person.

15     The government is not required to prove the amount or quantity of heroin.  It need

16  only prove beyond a reasonable doubt that there was a measurable or detectable amount

17  of heroin.

18     It does not matter whether the defendant knew that the substance was heroin.  It is

19  sufficient that the defendant knew that it was some kind of a federally controlled

20  substance.

21  //

22  //

1       To "possess with intent to distribute" means to possess with intent to deliver or

2  transfer possession of heroin to another person, with or without any financial interest in

3  the transaction.

JURY INSTRUCTION NO. 26

This instruction relates to Counts 5, 6, and 9—the Distribution of Methamphetamine charges—and Count 35—one of the Possession of Heroin with Intent to Distribute charges.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of Distribution of Methamphetamine as charged in Counts 5, 6, and 9, or of Possession of Heroin with Intent to Distribute as charged in Count 35, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person committed the crime of Distribution of Methamphetamine as charged in Counts 5, 6, or 9, or the crime of Possession of Controlled Substances with Intent to Distribute as charged in Count 35;

Second, that person was a member of the conspiracy charged in Count 1;

Third, the person committed the crime of Distribution of Methamphetamine as charged in Counts 5, 6, or 9, or the crime of Possession of Controlled Substances with Intent to Distribute as charged in Count 35 in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts 5, 6, 9, or 35 was committed; and

//

1       Fifth, the offense fell within the scope of the unlawful agreement and could

2  reasonably have been foreseen to be a necessary or natural consequence of the unlawful

3  agreement.

1          JURY INSTRUCTION NO. 27

2          This instruction also relates to Counts 5, 6, and 9—the Distribution of

3    Methamphetamine charges—and Count 35—one of the Possession of Heroin with Intent

4    to Distribute charges.

5          A defendant may be found guilty of Distribution of Methamphetamine in Counts

6    5, 6, or 9, or of Possession of Heroin with Intent to Distribute in Count 35, even if the

7    defendant personally did not commit the act or acts constituting the crime but aided and

8    abetted in its commission.  To prove a defendant guilty of Distribution of

9    Methamphetamine in Counts 5, 6, or 9, or of Possession of Heroin with Intent to

10   Distribute in Count 35 by aiding and abetting, the government must prove each of the

11   following beyond a reasonable doubt:

12         First, Distribution of Methamphetamine in Counts 5, 6, or 9, or Possession of

13   Heroin with Intent to Distribute in Count 35 was committed by someone;

14         Second, the defendant aided, counseled, commanded, induced, or procured that

15   person with respect to at least one element of Distribution of Methamphetamine in

16   Counts 5, 6, or 9, or of Possession of Heroin with Intent to Distribute in Count 35;

17         Third, the defendant acted with the intent to facilitate Distribution of

18   Methamphetamine in Counts 5, 6, or 9, or Possession of Heroin with Intent to Distribute

19   in Count 35; and

20         Fourth, the defendant acted before the crime was completed.

21         It is not enough that the defendant merely associated with the person committing

22   the crime, or unknowingly or unintentionally did things that were helpful to that person,

1    or was present at the scene of the crime.  The evidence must show beyond a reasonable

2    doubt that the defendant acted with the knowledge and intention of helping that person

3    commit Distribution of Methamphetamine in Counts 5, 6, or 9, or Possession of Heroin

4    with Intent to Distribute in Count 35.

5         A defendant acts with the intent to facilitate the crime when the defendant actively

6    participates in a criminal venture with advance knowledge of the crime and having

7    acquired that knowledge when the defendant still had a realistic opportunity to withdraw

8    from the crime.

9         The government is not required to prove precisely which defendant actually

10   committed the crime and which defendant aided and abetted.

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 28

2    This instruction applies to the charge of Unlawful Possession of Ammunition by a

3    Prohibited Person alleged in Count 36.

4    Defendant Angel Serrano Carreno is charged in Count 36 with the possession of

5    ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code.  In

6    order for the defendant to be found guilty of that charge, the government must prove each

7    of the following elements beyond a reasonable doubt:

8    First, the defendant knowingly possessed ammunition—specifically, Wolf 7.62x39

9    mm ammunition, Tula 7.62x39 mm ammunition, or both—on or about November 2,

10   2016;

11   Second, the Wolf 7.62x39 mm ammunition, the Tula 7.62x39 mm ammunition, or

12   both, had been shipped or transported from one state to another state or between a foreign

13   nation and the United States; and

14   Third, at the time the defendant possessed the Wolf 7.62x39 mm ammunition,

15   Tula 7.62x39 mm ammunition, or both, the defendant had been convicted of a crime

16   punishable by imprisonment for a term exceeding one year.  The defendant stipulates that

17   prior to November 2, 2016, the defendant was convicted of a crime punishable by

18   imprisonment for a term exceeding one year.

19   In order to find the first element beyond a reasonable doubt, you must

20   unanimously agree:  (a) that the defendant knowingly possessed the Wolf 7.62x39 mm

21   ammunition, or (b) that the defendant knowingly possessed the Tula 7.62x39 mm

22   //

FINAL JURY INSTRUCTIONS - 34

1    ammunition, or (c) that the defendant knowingly possessed both the Wolf 7.62x39 mm

2    ammunition and the Tula 7.62x39 mm ammunition.

1 | JURY INSTRUCTION NO. 29

2 |     The government charges that the offenses alleged against the defendants were

3 | committed "on or about" a certain date.

4 |     Although it is necessary for the government to prove beyond a reasonable doubt

5 | that the offense was committed on a date reasonably near the dates alleged, it is not

6 | necessary for the government to prove that the offenses were committed precisely on the

7 | date charged.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1
JURY INSTRUCTION NO. 30

2
    A person has possession of something if the person knows of its presence and has

3
physical control of it, or knows of its presence and has the power and intention to control

4
it.

5
    More than one person can be in possession of something if each person knows of

6
its presence and has the power and intention to control it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 31

2   An act is done knowingly if the defendant is aware of the act and does not act

3 through ignorance, mistake, or accident.  The government is not required to prove that the

4 defendant knew that his acts or omissions were unlawful.  You may consider evidence of

5 the defendant's words, acts, or omissions, along with all the other evidence, in deciding

6 whether the defendant acted knowingly.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 32

2        When you begin your deliberations, elect one member of the jury as your

3    presiding juror who will preside over the deliberations and speak for you here in court.

4        You will then discuss the case with your fellow jurors to reach agreement if you

5    can do so. Your verdict, whether guilty or not guilty, must be unanimous.

6        Each of you must decide the case for yourself, but you should do so only after you

7    have considered all the evidence, discussed it fully with the other jurors, and listened to

8    the views of your fellow jurors.

9        Do not be afraid to change your opinion if the discussion persuades you that you

10   should. But do not come to a decision simply because other jurors think it is right.

11       It is important that you attempt to reach a unanimous verdict but, of course, only if

12   each of you can do so after having made your own conscientious decision. Do not

13   change an honest belief about the weight and effect of the evidence simply to reach a

14   verdict.

15       Perform these duties fairly and impartially. Do not allow personal likes or

16   dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also

17   not be influenced by any person's race, color, religion, national ancestry, gender, sexual

18   orientation, profession, occupation, economic circumstances, or position in life or in the

19   community.

20       It is your duty as jurors to consult with one another and to deliberate with one

21   another with a view towards reaching an agreement if you can do so. During your

22   //

1  deliberations, you should not hesitate to reexamine your own views and change your

2  opinion if you become persuaded that it is wrong.

1        JURY INSTRUCTION NO. 33

2        Because you must base your verdict only on the evidence received in the case and

3    on these instructions, I remind you that you must not be exposed to any other information

4    about the case or to the issues it involves.  Except for discussing the case with your

5    fellow jurors during your deliberations:

6        Do not communicate with anyone in any way and do not let anyone else

7    communicate with you in any way about the merits of the case or anything to do with it.

8    This includes discussing the case in person, in writing, by phone or electronic means, via

9    email, via text messaging, or via any Internet chat room, blog, website or application,

10   including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat,

11   or any other forms of social media.  This applies to communicating with your family

12   members, your employer, the media or press, and the people involved in the trial.  If you

13   are asked or approached in any way about your jury service or anything about this case,

14   you must respond that you have been ordered not to discuss the matter and to report the

15   contact to the court.

16       Do not read, watch, or listen to any news or media accounts or commentary about

17   the case or anything to do with it; do not do any research, such as consulting dictionaries,

18   searching the Internet or using other reference materials; and do not make any

19   investigation or in any other way try to learn about the case on your own.

20       The law requires these restrictions to ensure the parties have a fair trial based on

21   the same evidence that each party has had an opportunity to address.  A juror who

22   violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

1   could result that would require the entire trial process to start over.  If any juror is

2   exposed to any outside information, please notify the court immediately.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 34

2    Some of you have taken notes during the trial. Whether or not you took notes, you

3    should rely on your own memory of what was said. Notes are only to assist your

4    memory. You should not be overly influenced by your notes or those of your fellow

5    jurors.

1

JURY INSTRUCTION NO. 35

2    The punishment provided by law for this crime is for the court to decide.  You

3 may not consider punishment in deciding whether the government has proved its case

4 against the defendant beyond a reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 36

2
A verdict form has been prepared for you.  After you have reached unanimous

3
agreement on a verdict, your presiding juror should complete the verdict form according

4
to your deliberations, sign and date it, and advise the Courtroom Deputy that you are

5
ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.