UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0287JLR |
| Plaintiff, | ORDER |
| v. | |
| BALTAZAR REYES GARCIA, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are *pro se* Defendant Baltazar Reyes Garcia's consolidated motions for a reduction in sentence. (1st Mot. (Dkt. # 982)); 2d Mot. (Dkt. # 983); 3d Mot. (Dkt. # 984); *see* 7/29/24 Order (Dkt. # 990) (consolidating motions).) Plaintiff the United States of America (the "Government") opposes the motions. (Resp. (Dkt. # 993).) The court has considered the motions, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Reyes Garcia's motions.

ORDER - 1

## II. BACKGROUND

In 2016, Mr. Reyes Garcia and 16 co-defendants were charged in connection with an organized crime ring involving the distribution of methamphetamine, heroin, and cocaine. (PSR (Dkt. # 756 (sealed)) ¶¶ 1-2.) Mr. Reyes Garcia had been known within the organization as "The Boss," and his offense conduct included a credible threat to torture a co-conspirator over a $15,000 drug debt. (*Id.* ¶¶ 45, 47.) A jury convicted Mr. Reyes Garcia on all four counts for which he was tried. (*Id.* ¶ 3; *see also* 10/16/17 Min. Entry (Dkt. # 665); Jury Verdict (Dkt. # 679 (redacted)).)

Prior to sentencing, United States Probation and Pretrial Services ("Probation") calculated Mr. Reyes Garcia's total offense level as 43, reflecting a three-level upward adjustment for his leadership role and a two-level upward adjustment for making a credible threat of violence. (PSR ¶¶ 45, 47, 52.) This resulted in a guideline range of life imprisonment. (*Id.* ¶ 80.) At sentencing on January 16, 2018, the court adopted the presentence investigation report without change. (SOR (Dkt. # 994 (sealed)) at 1.) The court then sentenced Mr. Reyes Garcia to 216 months imprisonment—a significant downward departure from the guideline range. (1/16/18 Min. Entry (Dkt. # 777); Judgment (Dkt. # 778).) Mr. Reyes Garcia was remanded to the custody of the United States Bureau of Prisons ("BOP"). (1/16/18 Min. Entry.)

While serving his sentence in BOP custody, Mr. Reyes Garcia was approved for international treaty transfer for the execution of the remainder of his sentence in Mexico. (Resp. at 3.) He was transported to the Western District of Texas in August 2023 and appeared for a consent verification hearing to certify his consent to the transfer.

Verification of Consent at 20, *In re Treaty Transfer*, No. 3:23-mc-306 (W.D. Tex. Aug. 23, 2023), Dkt. # 1.  In consenting to the transfer, Mr. Reyes Garcia verified he understood that his sentence "can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America," and "will be carried out according to the laws of the United Mexican States." *Id.*  Mr. Reyes Garcia is now serving his sentence at the Federal Social Readaptation Center in Sinaloa, Mexico.  (*See* 2d Mot. at 1); *see also Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 10, 2024) (indicating Mr. Reyes Garcia was released from BOP custody on August 25, 2023).

### III.   ANALYSIS

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  In his consolidated motions, Mr. Reyes Garcia seeks a reduction in his sentence on three separate statutory bases.  The court addresses each motion in turn.

**A.   Earned Time Credits**

Mr. Reyes Garcia first argues that his participation "in all the required activities and programs" in prison entitles him to 365 days of earned time credits under the First Step Act of 2018, to be applied toward early release.  (1st Mot. at 1.)  *See* 18 U.S.C. § 3632(d) (providing for an award of earned time credit to prisoners who successfully complete "evidence-based recidivism reduction programming or productive activities").  The court denies the motion for two reasons.  First, this argument essentially challenges

the "manner, location, or conditions of [Mr. Reyes Garcia's] sentence's execution."  28 U.S.C. § 2241.  A "defendant may . . . challenge BOP's calculation [of his sentence]—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241."  *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).  Thus, Mr. Reyes Garcia's argument regarding earned time credits is better suited to a § 2241 petition, rather than a motion for a reduction in sentence.  *See United States v. Samal*, No. CR18-0214JLR, 2023 WL 2579887, at *6 (W.D. Wash. Mar. 16, 2023).  Second, even if Mr. Reyes Garcia had presented this argument in a habeas petition, the court would lack jurisdiction to consider it in light of Mr. Reyes Garcia's consent to the treaty transfer.  As the Government correctly observes, "[a]fter Mr. Reyes Garcia's transfer to Mexico, any challenge to the execution of his sentence is governed by the laws of Mexico, and not by the First Step Act."  (Resp. at 5); *see* Verification of Consent at 20, *In re Treaty Transfer*, No. 3:23-mc-306 (W.D. Tex. Aug. 23, 2023), Dkt. # 1 (Mr. Reyes Garcia acknowledging that the remainder of his sentence would "be carried out according to the laws of the United Mexican States").  The court therefore declines to grant a reduction in Mr. Reyes Garcia's sentence on the basis of earned time credits.

**B.     Amendment 821**

Mr. Reyes Garcia next moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (the "Guidelines").  Section 3582(c)(2) permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission (the "Commission").  Amendment 821 applies retroactively and

provides for a reduction in sentence for certain "zero-point" offenders.  *See* Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited September 10, 2024).  Section 4C1.1(a) of the 2023 Guidelines sets out ten criteria that a defendant must satisfy in order to qualify for a zero-point offender reduction.  *See* U.S.S.G. § 4C1.1(a)(1)-(10).  Here, because Mr. Reyes Garcia's offense conduct included a credible threat to torture a co-conspirator over a drug debt (*see* PSR ¶ 45; SOR at 1), he fails to meet the requirement that "the defendant did not use violence or credible threats of violence in connection with the offense," U.S.S.G. § 4C1.1(a)(3).  And because Mr. Reyes Garcia received an adjustment for his leadership role in the organization (PSR ¶ 47 (assessing three levels under § 3 B1.1(b)); SOR at 1), he fails to meet the requirement that he "did not receive an adjustment under § 3B1.1 (Aggravating Role)," U.S.S.G. § 4C1.1(a)(10).  As a result, he is ineligible for a zero-point offender adjustment to his sentence.

**C.    Hard Time Credit and COVID-19**

Finally, Mr. Reyes Garcia claims the Commission "introduced a significant adjustment for 'hard time credit' for prisoners who" were incarcerated during the "COVID-19 global pandemic."  (3d Mot. at 1 (citing 18 U.S.C. § 3582(c)(2)).)  But the Commission has introduced no such adjustment.  Moreover, the court lacks authority to grant credit for time served; that authority instead lies with the BOP.  *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006).  The court therefore declines to reduce Mr. Reyes Garcia's sentence on the basis of "hard time credit."

//

1    To the extent Mr. Reyes Garcia's motion could be construed as one for

2 compassionate release under 18 U.S.C. § 3582(c)(1), it still fails.  Section 3582(c)(1), as

3 amended by the FSA, "allows certain inmates to seek a form of sentence modification,"

4 commonly referred to as compassionate release, "by filing motions to that effect with the

5 district court."  *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022).  Under

6 Section 3582(c)(1), district courts have the authority to reduce a sentence upon the

7 defendant's motion if three conditions are met:  (1) the defendant has either exhausted all

8 administrative rights to appeal BOP's failure to bring such a motion on the defendant's

9 behalf or has waited until 30 days after the warden of the defendant's facility has

10 received such a request; (2) the defendant has established "extraordinary and compelling

11 reasons" warranting a sentence reduction; and (3) the reduction is consistent with

12 "applicable policy statements" issued by the Commission.  *See* 18 U.S.C.

13 § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL

14 1819838, at *5 (W.D. Wash. Apr. 10, 2020).  If the inmate meets all three conditions, the

15 court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding

16 whether compassionate release is appropriate.  *See* 18 U.S.C. § 3582(c)(1)(A).

17    Here, the Government argues Mr. Reyes Garcia fails to demonstrate exhaustion

18 (Resp. at 11-12), and the court agrees.  Mr. Reyes Garcia's request for compassionate

19 release is unexhausted because he offers no argument or evidence showing he requested

20 this relief from the warden of his facility.  (*See generally* 3d Mot.)  The motion fails for

21 this reason alone.  *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (stating

22 the exhaustion requirement is "a mandatory claims-processing rule that must be enforced

when properly invoked" by the Government in opposition to a motion for compassionate release). But even if Mr. Reyes Garcia had exhausted his administrative remedies, he has not demonstrated that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. *See United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020) ("[G]eneral conditions that affect inmates indiscriminately throughout the prison" such as the COVID-19 pandemic, "are insufficient to support an individual defendant's claim for compassionate release."); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021) (stating that COVID-19 lockdown conditions, while challenging, do not present an extraordinary and compelling reason to warrant [an inmate's] early release"). Having determined that Mr. Reyes Garcia fails to make the requisite showing of extraordinary and compelling circumstances, the court need not analyze whether a reduction in his sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Reyes Garcia's motions (Dkt. ## 982-84).

Dated this 11th day of September, 2024.

JAMES L. ROBART
United States District Judge